Dbadeeick, Olí. J.,
delivered tbe opinion of tbe court:
Complainant filed bis bill and amended bill in, tbe chancery court at Bolivar, to subject to sale a tract of land mortgaged to him by defendant, Hervey, to secure a note of $2,000. TIervey answered, and filed bis cross-bill, charging fraud in procuring the note and mortgage, and usury, and also claiming a homestead in tbe land conveyed. It appears he has a wife, who was living on tbe land with him when the mortgage deed was executed, and that they still occupy tbe conveyed premises.
The chancellor decreed in favor of complainant for the •amount of his debt and interest, and that there was no ■usury in tbe transaction, and directed that commissioners, under the provisions of secs. 2116a and 2117a of the Code [Shannon’s Code, secs. 3804, 3805, 3672], set apart tbe homestead, if susceptible of division, or if not, certify the fact to his court, and directed a sale, if homestead was set apart, of the residue of said land, together with "tbe rever-sionary interest in tbe homestead,” and forty acres in a *155 separate tract, and from this deci’ee defendant, Iiervey, appealed.
We find no evidence of fraud or of usury in the case, and think the chancellor was correct in rendering a decree for the amount of the note and interest thereon.
It is insisted by defendant, Iiervey, that the chancellor’s decree directing the sale of what is termed his “reversion-ary interest” in the homestead, is erroneous, because the statute prohibits the sale of the land set aside as a homestead.
The constitution, art. 11, sec. 11, exempts from sale under legal process, a homestead in the possession of a head of a family, and the improvements thereon, to the value, in all, of $1,000, and for the life of his widow, and during the minority of their children.
The language of the statute is more comprehensive than that of the constitution, and would seem to interdict the sale of any interest in the land exempt as a homestead; yet, is the homestead right, or right of use and occupation, that the constitution and statute intend to protect from sale or alienation, without the consent of the wife.
It has been said that the right of homestead is a new species of estate created by statute, which seems to have all the incidents of a freehold estate. 13 Allen, 287. But the fee simple remains in the husband, and a sale by him alone of the land occupied as a homestead, vests the estate in the vendee, subject only to the use and occupation of the premises as a homestead. 14 Cal., 472; 37 New TL, 434.
It is the homestead interest, or right to the use and occupation of the premises as a homestead, that cannot be sold and conveyed by tbe husband alone, or be subjected to sale by legal process. But the reversionary interest of the husband in the land used as a homestead may he mortgaged and sold to pay the debt secured; to hold otherwise would give no additional protection to the rights intended to be secured, but would have the effect to defeat the rights of creditors, as under our statute the homestead is exempt *156 during the life of husband and wife, and during the minority of any of their children, and if, during all this period, the land or reversionary interest herein is exempt from sale under the process of law, the creditor’s claim would, in many cases, become stale, and barred by the statute of limitations.
Although, in this case, the defendant, Hervey, had no right to convey the estate so as to defeat the right of homestead, yet, under sec. 2006 of the Code [Shannon’s Code, sec. 3672], Iris conveyance passed whatever interest he had therein.
We are therefore of opinion there is no error in the chancellor’s decree, and affirm it.